Filed
7/10/2019 3:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO._____ 2019CCV-61149-2

| | | |
|---|---|---|
| ELIAZAR BENAVIDEZ AND | § | IN THE COUNTY COURT OF |
| CELIA BENAVIDEZ | § | |
|     Plaintiff, | § | |
| | § | LAW NUMBER _____ |
| v. | § | |
| | § | |
| UNITED PROPERTY & | § | |
| CASUALTY INSURANCE | § | NUECES COUNTY, TEXAS |
| COMPANY | § | |
|     Defendant. | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ELIAZAR BENAVIDEZ AND CELIA BENAVIDEZ ("Plaintiffs or Benavidez"), and files this *Plaintiffs' Original Petition*, complaining of United Property & Casualty Insurance Company ("United Property" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

EXHIBIT A-2

Copy from re:SearchTX

## PARTIES

2.      Plaintiffs Eliazar Benavidez and Celia Benavidez are individuals residing in Nueces County, Texas.

3.      Defendant United Property & Casualty Insurance Company ("United Property") is a foreign insurance company engaging in the business of insurance in the State of Texas.  Defendant United Property may be served with process by serving its Attorney for Service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  Plaintiffs request service of process by certified mail, return receipt requested.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.      The Court has jurisdiction over Defendant United Property because the defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Nueces County, Texas, because the insured property is situated in Nueces County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

Copy from re:SearchTX

**FACTS**

7.   Plaintiffs are the owners of a Texas Homeowners Insurance Policy number 43 1001199726 00 (hereinafter referred to as "the Policy"), which was issued by United Property & Casualty Insurance Company.

8.   Plaintiffs own the insured property, which is specifically located at 3862 Davis Lane, Robstown, TX 78380, in Nueces County (hereinafter referred to as "the Property").

9.   United Property & Casualty Insurance Company sold the Policy insuring the Property to Plaintiffs.

10.   On or about August 25, 2017, a massive hurricane struck Nueces County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiffs' property. Plaintiffs' roof sustained extensive damage during the hurricane. Plaintiffs' home also sustained interior damages during the storm, specifically the bathrooms, bedrooms, kitchen, garage, septic system and breakers. Plaintiff's sustained significant damage to their personal property. Shortly after the hurricane, Plaintiffs submitted a claim to United Property & Casualty Insurance Company against the Policy for the damage to the Property sustained as a result of the storm. Plaintiffs asked that United Property & Casualty Insurance Company cover the cost of repairs to the Property pursuant to the Policy.

11.   The claim number assigned by United Property & Casualty Insurance Company is 2018TX020707.

Page 3

Copy from re:SearchTX

12.     Defendant United Property & Casualty Insurance Company assigned an adjuster to the claim.   The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a reasonable or adequate inspection of the damages.   During the course of the inspection, the adjuster made the executive decision to deny most of Plaintiffs' covered damages.   Defendant United Property & Casualty Insurance Company denied and/or omitted coverage to virtually all of the damages to the roof, garage, bathrooms, bedrooms, kitchen, septic system, breakers and Plaintiff's personal property. Furthermore, despite repeated requests, Defendants have refused to provide Plaintiffs with any documentation regarding their findings on this matter. To date, Plaintiffs have not received the full payment amount due under the Policy, nor have they received any explanation from Defendant as to why they ultimately issued underpayment of Plaintiffs' damages.

13.     As a result of the unreasonable investigation of Plaintiffs' claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair its property), Plaintiffs' claim was improperly and unreasonably adjusted.   The mishandling of Plaintiffs' claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages.   To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

Copy from re:SearchTX

14. As detailed in the paragraphs below, United Property & Casualty Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, United Property & Casualty Insurance Company underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during the investigation.

15. To date, United Property & Casualty Insurance Company continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid the full amount for the damages to their property.

16. Defendant United Property & Casualty Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. United Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract between United Property & Casualty Insurance Company and Plaintiffs.

17. Defendant United Property & Casualty Insurance Company misrepresented to Plaintffs that much of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Copy from re:SearchTX

Defendants United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.    Defendant United Property & Casualty Insurance Company failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.    Defendant United Property & Casualty Insurance Company failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant United Property & Casualty Insurance Company failed to offer Plaintiffs adequate compensation, without any valid explanation why full payment was not being made. Furthermore, Defendant United Property & Casualty Insurance Company did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Copy from re:SearchTX

20.    Defendant United Property & Casualty Insurance Company refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant United Property & Casualty Insurance Company failed to conduct a reasonable investigation. Specifically, Defendant United Property & Casualty Insurance Company performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.    Defendant United Property & Casualty Insurance Company failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning and investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendants United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

22.    Defendant United Property & Casualty Insurance Company failed to accept or deny plaintiff's full and entire claim within failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. United Property & Casualty Insurance

Copy from re:SearchTX

Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant United Property & Casualty Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. United Property & Casualty Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. From and after the time Plaintiffs' claim was presented to Defendant United Property & Casualty Insurance Company, the liability of United Property & Casualty Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, United Property & Casualty Insurance Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. United Property & Casualty Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant United Property & Casualty Insurance Company knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Copy from re:SearchTX

26.   As a result of Defendants United Property & Casualty Insurance Company's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

27.   Defendant United Property & Casualty Insurance Company is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

28.   Defendant United Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract made between United Property & Casualty Insurance Company and Plaintiffs.

29.   Defendant United Property & Casualty Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of United Property & Casualty Insurance Company's insurance contract with Plaintiffs.

Copy from re:SearchTX

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

30.     Defendant United Property & Casualty Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.     Defendant United Property & Casualty Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.     Defendant United Property & Casualty Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though United Property & Casualty Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.     Defendant United Property & Casualty Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and

Copy from re:SearchTX

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.   Defendant United Property & Casualty Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.   Defendant United Property & Casualty Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36.   Defendant United Property & Casualty Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37.   Defendant United Property & Casualty Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints,

Copy from re:SearchTX

as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38.     Defendant United Property & Casualty Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39.     Defendant United Property & Casualty Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.     Defendant United Property & Casualty Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41.     Defendant United Property & Casualty Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time United Property & Casualty Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Copy from re:SearchTX

## KNOWLEDGE

42.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

43.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44.    As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant United Property & Casualty Insurance Company's mishandling of Plaintiff's claim in violation of the laws set forth above.

45.    For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's     fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual    damages.   TEX. INS. CODE §541.152.

Copy from re:SearchTX

47.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's   fees. TEX. INS. CODE §542.060.

48.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled  to compensatory damages, including all forms of loss resulting from the insurer's breach of   duty,   such   as   additional   costs,   economic hardship, losses due to nonpayment of the    amount    the    insurer    owed, exemplary damages, and damages for emotional distress.

49.   For the prosecution and collection of its claim, Plaintiffs have been compelled to  engage  the  services  of  the  attorney  whose  name  is  subscribed  to  this pleading.   Therefore,  Plaintiffs  are  entitled  to  recover  a  sum  for  the reasonable and necessary services of    Plaintiff's attorney in the  preparation and trial of its action, including any appeals to the  Court  of  Appeals  and/or the Supreme Court of Texas.

**JURY DEMAND**

50.   Plaintiffs hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas.

Copy from re:SearchTX

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

51.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is
        requested to disclose, within 50 days of service of this request, the
        information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial
hereof, said Plaintiffs have and recover such sums as would reasonably and
justly compensate it in accordance with the rules of law and procedure, as to
actual damages, treble damages under the Texas Insurance Code, and all
punitive and exemplary damages as may be found.  In addition, Plaintiffs
request the award of attorney's fees for the trial and any appeal of its case,
for all costs of Court on its behalf expended, for prejudgment and
postjudgment interest as allowed by law, and for any other and further relief,
either at law or in equity, to which it may show itself justly entitled.   In
accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs
seeks monetary relief of $74,999 or less.

Copy from re:SearchTX

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Page 16

Copy from re:SearchTX